IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **MIGUEL A. RIVERA-GARCÍA**, Petitioner, | * * * * | |
| v. | * * | Civil No. 06-1004 (PG) Crim. No. 02-391(PG) |
| **UNITED STATES OF AMERICA**, Respondent. | * * * * | |

**OPINION AND ORDER**

On October 4, 2002, a Federal Grand Jury returned a Two-Count Indictment charging Petitioner Miguel A. Rivera-García ("Petitioner" or "Petitioner Rivera-García") along with nine (9) other co-defendants for participating in a conspiracy to possess with intent to distribute one (1) kilogram or more of heroin, five (5) kilograms or more of cocaine, fifty (50) grams or more of cocaine base, and one hundred (100) kilograms or more of marihuana as prohibited by Title 21, United States Code, Section 841 (a)(1).

On April 21, 2003, pursuant to a written plea agreement with the Government, Petitioner entered a guilty plea to Count One of the Indictment. (Crim. D.E. 125).[1]  On August 7, 2003 Petitioner was sentenced to a term of imprisonment of one hundred and sixty (160) months with a supervised release term of 5 years, and a special

---

[1] Crim. D.E. is an abbreviation for Criminal case docket entry number.

Civil No. 06-1004 (PG)
Criminal No. 02-391(PG)                                          Page 2

monetary assessment of $100.00. (Crim. D.E. #169). Judgment was entered on August 19, 2003. (Crim. D.E. 175).

On October 7, 2005, Petitioner's sentence was affirmed on direct appeal by the U.S. Court of Appeals for the First Circuit. See United States v. Miguel A. Rivera-García, Appeal No. 03-2248 (1st Cir. October 7, 2005)(Unpublished). (Crim. D.E. 466).

On January 3, 2006 Petitioner brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.E. 1)[2]. On February 17, 2006, a Magistrate issued a Report and Recommendation ("R & R") recommending that the Petition be dismissed because the ground put forth by Petitioner had been raised and rejected on appeal. (D.E. 8). On March 7, 2003, Petitioner timely filed Objections to the Report and Recommendation (D.E. 9).

For the reasons that follow, the Court accepts and adopts the R & R.

**I. DISCUSSION**

**A. Objections to the Report and Recommendation**

28 U.S.C. § 636(b)(1) provides the means whereby a district judge may refer a matter to a magistrate judge for findings and a recommendation as to the disposition of the matter. Parties objecting to such findings and recommendations may file the objections "[w]ithin ten days after being served with a copy." 28 U.S.C. §

---

[2]D.E. is an abbreviation for docket entry number.

Civil No. 06-1004 (PG)
Criminal No. 02-391(PG)                                            Page 3

636(b)(1). Thereafter, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *id*. If objections are timely filed, the district court shall "make a *de novo* determination of those portions of the report or specified findings or recommendations to which [an] objection is made. " <u>Rivera-de-León v. Maxon Engineering Services, Inc.</u>, 283 F.Supp. 550, 555 (D. Puerto Rico 2003). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. <u>See</u> <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419 (5th Cir. 1987). Further, where the objecting party makes general or conclusory objections to the report and recommendation as a whole without specifying to which issues in the report he is objecting, or where a party's objections are simply a repetition of the arguments he made to the magistrate judge, a *de novo* review is unwarranted. Instead, the report and recommendation is reviewed by the district judge for clear error. <u>See</u>, *e.g.*, <u>Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan</u>, 806 F.Supp. 380, 382 (W.D.N.Y.1992)( "It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the

Civil No. 06-1004 (PG)
Criminal No. 02-391(PG)                                          Page 4

Magistrate Judge. Clearly, parties are not to be afforded a "second bite at the apple" when they file objections to a Report and Recommendation." ). Those portions of a Report and Recommendation to which a party has not specifically objected will be adopted by the Court as long as those sections are not clearly erroneous. See Fed.R.Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140(1985).

As to the Magistrate's R & R, that neither side objected to, this Court will review such under a clearly erroneous standard. After due consideration, the Court is of the opinion that the Magistrate Judge's R &R, that neither side objected to, was neither clearly erroneous nor contrary to law and should therefore be adopted.

As to the portions of the R & R which objections were timely filed by Petitioner, this Court will now engage in a *de novo* review of the R & R.

**B. Objections to the Magistrate's Report and Recommendation**

Petitioner's Objection received March 7, 2006 state a general objection to the Report and Recommendation that constitute nothing more than a rehashing of the original argument made in his original Petition. Petitioner complains that the Magistrate-Judge recommended that Petitioner's § 2255 motion be denied because his claim was raised and rejected on appeal. See, Objection, P. 1, (D.E. 9). In his objection Petitioner alleges that he is not raising the same issue in his instant Petition as he did on appeal. He states that

```
Civil No. 06-1004 (PG)
Criminal No. 02-391(PG)                                          Page 5
```

"[o]n direct appeal, appellate counsel raised the issue as to whether the district court violated petitioner's Sixth Amendment rights in sentencing him by enhancing his sentence by taking into consideration elements which were not proven beyond a reasonable doubt or admitted by petitioner. By contrast, on § 2255 habeas, petitioner is arguing whether appellate counsel was ineffective for failing to argue that the punishment for possession of a firearm was unlawful because there was no Act of Congress to substantiate the punishment." <u>See</u>, Objection, P. 1, (D.E. 9).

In essence, Plaintiff is requesting a second opportunity to present the same issue he already presented to the Magistrate Judge.

**C. Discussion of Recommendation in light of Objection**

Even though Petitioner Rivera-García has cast this argument under the rubric of ineffective assistance of counsel, the Court of Appeals addressed and rejected this claim. With respect to the firearm issue, the Court of Appeals decided as follows:

> "The district court did not err in finding that appellant possessed a firearm in relation to his drug offense, because the possession was admitted by appellant during the change of plea hearing. Nor was it error for the district court to impose a sentence longer than that stipulated by the parties in the plea agreement. Before appellant entered his plea, the court ascertained that appellant knew that the court was not bound by the plea agreement and had authority and discretion to impose a sentence as high as life imprisonment. Although the government was willing to exclude the firearm factor from the plea agreement, **the court did not err in imposing a sentence that took it into account.**"

Civil No. 06-1004 (PG)
Criminal No. 02-391(PG)                                          Page 6

See United States v. Miguel A. Rivera-García, Appeal No. 03-2248 (1st Cir. October 7, 2005)(Unpublished)

It is well settled in this Circuit that a prisoner may not use a Section 2255 Petition to relitigate questions that were raised and considered on direct appeal. Issues presented and resolved by a prior appeal will not be reviewed again by way of a § 2255 motion. Murchu v. U.S., 926 F.2d 50, 55 (1st Cir. 1991). In a collateral attack, a Petitioner may not litigate again issues already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct appeal, absent an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir.1993). As this issue was fully litigated in Petitioner's direct appeal, the Court declines to review this argument and dismisses this claim.

Furthermore, Petitioner is wrong in claiming any shortcoming of his counsel in making and arguing the unsuccessful objection to the two level enhancement, as the Court appropriately considered all evidence. In fact, the record clearly refutes the notion that Petitioner Rivera-García would receive a particular sentence selected from a particular sentencing guideline, as he now attempts to argue. Therefore, Petitioner Rivera-García has failed to show not only such error on behalf of counsel that is outside the range of competence expected of attorneys in cases such as this, but also has failed to show that, but for any such error or defective advice, he would not

```
Civil No. 06-1004 (PG)
Criminal No. 02-391(PG)                                           Page 7
```

have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Finally, because the record does not support his claim of ineffective assistance of counsel, Petitioner Rivera-García fails to establish that his appellate counsel's performance was deficient or that he suffered resulting prejudice. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Court therefore accepts and adopts the R & R.

**II. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner MIGUEL A. RIVERA-GARCÍA is not entitled to federal habeas relief on the claims presented. Accordingly, it is ordered that Petitioner MIGUEL A. RIVERA-GARCÍA's request for habeas relief under 28 U.S.C. §2255 (Docket No. 1) is DENIED, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th of August, 2008.

```
                              S/JUAN M. PÉREZ-GIMÉNEZ
                              JUAN M. PÉREZ-GIMÉNEZ
                              Senior United States District Judge
```